**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
csanders@sanderslaw.group
Frances Lange, Esq. (Cal Bar 304892)
flange@sanderslaw.group
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600

*Attorneys for Plaintiff*

**MILLER BARONDESS, LLP**
Zachary A. Sarnoff (CA Bar No. 307762)
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
zsarnoff@millerbarondess.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Grecco Productions Inc., <br><br>Plaintiff, <br><br>v. <br><br>Trakt Inc., <br><br>Defendant. | Case No. 2:25-cv-08822-AH-SSC <br><br>**JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING PLAN** <br><br>Judge: Hon. Anne Hwang <br><br>Scheduling Conference: Feb. 12, 2026 <br>Complaint Filed: Sept. 17, 2025 <br>Answer Filed: Nov. 25, 2025 <br>Proposed Trial Date: June 29, 2027 |

Counsel for the parties, having met and conferred pursuant to the Court's December 18, 2025 Order Setting Scheduling Conference, Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, hereby submit this Joint Rule 26(f) Report and Proposed Discovery Plan.

1. **Statement of the Case:**

**Plaintiff's Statement:** This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. §101 et seq. Plaintiff Michael Grecco Productions, Inc. ("*Plaintiff*") is a professional photography company and the owner of valid subsisting copyrights in original photographs created by renowned photographer Michael Grecco. The copyrighted photographs at issue were properly registered with the United States Copyright Office prior to Defendant's infringing conduct. Plaintiff created a photograph of actor Joe Bologna, first published in 2009 and registered with the USCO on July 7, 2010 under Registration No. VA 1-431-698; and a photograph of Annabella Lwin of Bow Wow Wow, first published in 2009 and registered with the USCO on July 7, 2010, under Registration No. VA 1-431-698 (the "*Photographs*").

Defendant Trakt, Inc. ("*Defendant*"), owns and operates the commercial website trakt.tv (the "*Website*"), which is monetized through advertising and paid subscriptions. Without license, authorization or consent, Defendant copied, stored, and publicly displayed Plaintiff's copyrighted photographs on its website in connection with celebrity profile pages, including exact copies of the works. Plaintiff asserts that these acts constitute direct copyright infringement under 17 U.S.C. §501, including the unauthorized reproduction and public display of Plaintiff's works.

Plaintiff further alleges that Defendant is a sophisticated commercial entity that exercised control over the content displayed on its website, financially benefited from the infringing uses, and failed to implement adequate copyright compliance measures. Plaintiff contends that the infringements were willful and cause actual and potential market harm to the Plaintiff's licensing business. Plaintiff seeks relief including statutory or actual damages, disgorgement of Defendant's profits, injunctive relief, attorney's fees and costs, and such other relief as the Court deems just and proper.

**Defendant's Statement:**

Defendant Trakt, Inc. ("Trakt") is an internet services company that provides personalized services for its community of TV and movie enthusiasts. Plaintiff Michael Grecco Productions, Inc. ("Plaintiff") is a company dedicated almost exclusively to asserting copyright infringement claims against internet companies based on photographs taken by photographer Michael Grecco.

In this case, Plaintiff has targeted and is seeking a windfall from Trakt based on the allegation that, unbeknownst to Trakt, two photographs that Plaintiff asserts copyrights in (the "Photographs") appeared on two of the millions of individual pages on Trakt's website. Trakt respects intellectual property rights and had no involvement in creating or selecting these images for its website. Rather, like many internet companies in this industry, because Trakt's website has millions of individual pages (covering virtually every movie and TV show worldwide), Trakt populates and updates these pages though an automated process run by the algorithm that operates Trakt's website as a whole. Trakt designed and operates its website to fully comply with U.S. Copyright laws—including the Digital Millennium Copyright Act (the "DMCA"), which shields internet companies like Trakt from liability under these circumstances.

Trakt did not even know about the Photographs until Plaintiff asserted his concern. Acting in good faith and in compliance with the DMCA, Trakt removed the Photographs from its website *immediately*.

Trakt anticipates discovery will show that Plaintiff's direct copyright infringement claim fails as a matter of law.

**2. Subject-Matter Jurisdiction:**

The parties agree that the Court has federal question subject matter jurisdiction over Plaintiff's federal copyright infringement claim, which arises under 17 U.S.C. § 501.

3. **Legal issues:**

**Plaintiff's Statement:** the key legal issue is whether Defendant willfully and intentionally copied and displayed Plaintiff's copyrighted Photographs on the Website.

**Defendant's Statement:** the key legal issues include whether Plaintiff's claim is barred by the safe harbor of Section 512 of the Digital Millennium Copyright Act, 17 U.S.C. § 512; whether Plaintiff's claim is barred by the statute of limitations; whether Plaintiff can sustain its burden to prove direct, volitional copyright; and whether the alleged use of the Photographs at issue constitutes fair use as a matter of law.

4. **Parties, Evidence, Etc.:**

The key parties and witnesses in this case are Plaintiff Michael Grecco Productions Inc. along with its principal, Michael Grecco, and members of Plaintiff's Copyright Department; and Defendant Trakt, Inc. along with its co-founder, Justin Nemeth.  The key documents include the Photographs at issue; documents regarding the creation, publication, and extent of any copyright in the Photographs; any licenses or contracts concerning the Photographs; documents reflecting Defendant's DMCA safe harbor registration; and documents concerning Plaintiff's knowledge of the appearance of the Photographs on other websites.

5. **Damages:**

**Plaintiff's Statement**: As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against the Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505.

**Defendant's Statement**: Given that Trakt did not receive any profit related to the Photographs at issue and Plaintiff did not suffer any actual damages, Trakt anticipates that Plaintiff will elect to pursue statutory damages, which are by default "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Under the circumstances of this case, where Trakt (1) was not aware and had no involvement in placing the Photographs on certain of the millions of individual pages on its website; (2) makes every reasonable effort to *protect* copyright holders and *prevent* copyright infringement on its website; and (3) removed the Photographs at issue from its website *immediately* once Plaintiff raised a concern, Trakt believes that the record will strongly support a reduction of the statutory range to $200 if there is any finding of infringement in this case. *See* 17 U.S.C. § 504(c)(2) (reducing the statutory range for innocent infringement).

6. **Insurance:**

The parties are not aware of any insurance policies that apply to the allegations set forth in the Complaint at this juncture.

7. **Motions:**

(a) **Procedural Motions.** At this time, the parties do not anticipate filing any motions to add other parties or claims, file amended pleadings, or transfer venue.

(b) **Dispositive Motions.** Defendant anticipates filing a motion for summary judgment, which may, depending on how the record develops during discovery, include issues such as whether Plaintiff's claim is barred by Section 512 of the Digital Millennium Copyright Act, 17 U.S.C. § 512; whether Plaintiff's claim is barred by the statute of limitations; whether Plaintiff can sustain its burden to prove direct, volitional conduct as required for a claim of direct copyright infringement; and whether the alleged conduct at issue constitutes fair use as a matter of law; and the lack of any actual damages by Plaintiff attributable to the alleged infringement at issue. Plaintiff believes that the matter of direct liability of copyright

1 infringement can be decided upon in a motion for summary judgment.

2 **8. Manual for Complex Litigation:**

3 The parties do not believe the procedures of the Manual for Complex Litigation are necessary for this case.

**9. Discovery:**

**(a)  Status of Discovery.**  The parties are gathering relevant documents to produce and information to provide in connection with their initial disclosures. No formal discovery requests have been served at this time.

**(b)  Discovery Plan.**  The parties have agreed to serve their initial disclosures by February 27, 2026. The parties do not propose any further changes to the timing, form, or requirement for disclosures under Rule 26(a). The parties do not believe that discovery should be conducted in phases.

**Plaintiff's Statement:** Plaintiff intends to conduct discovery on the following topics, including through interparty written discovery, third-party written discovery, and depositions: (1) Internal policies and procedures regarding copyright compliance; (2) complaints and demand letters received regarding intellectual property infringement received by Defendant; (3) Analytics for Defendant's Website; (4) The status/titles of the individuals who posted Plaintiff's Photographs and the nature of their relationship with Defendant; (5) The ownership and compensation made from the Website; (6) Ownership, creation and operation of Defendant's Website, including contracts and billing records for the website developers; (7) Persons responsible for creating and maintaining content on Defendant's Website; (8) Defendant's relationship with vendors and other retailers; and (9) Any other issues attendant to the claims set for in Plaintiff's Complaint and Defendant's Answer to the Complaint and Affirmative Defenses.

**Defendant's Statement:** Defendant intends to conduct discovery as permitted by the Federal Rules of Civil Procedure regarding the alleged nature,

history and value of the photographs at issue (the "Photographs"); Plaintiff's alleged copyright in the Photographs; any license or contract regarding the Photographs; the existence or lack of any market for the use of such Photographs; Plaintiff's knowledge of the appearance of the Photographs on particular websites; Plaintiff's business and operations regarding copyright claims such as the claims at issue here; persons responsible for identifying alleged uses of Plaintiff's work on the internet; Plaintiff's contentions in this action; Plaintiff's alleged damages (if any); and any other issues relevant to the claims or defenses in this action.

    **(c)** **Discovery Cutoff.** The parties have agreed to a proposed discovery cutoff date (governing completion of all fact discovery) of December 23, 2026, as reflected in the attached Schedule Worksheet.

    **(d)** **Expert Discovery.** The parties have agreed to proposed dates for expert discovery as reflected in the attached Schedule Worksheet. The parties do not currently anticipate a need for expert witnesses.

**10. <u>Settlement Conference / Alternative Dispute Resolution ("ADR")</u>:**

    The parties have engaged in preliminary settlement negotiations. As reflected in the attached Schedule Worksheet, the parties agree to participate in ADR Procedure No. 1 (Magistrate Judge with Court Approval).

**11. <u>Trial</u>:**

    **(a)** **Trial Estimate.** The parties' current best estimate of the length of trial in this case is three days. However, the parties agree to revisit this estimate and meet and confer on this issue as discovery progresses.

    **(b)** **Magistrate Judge.** The parties do not consent to have this matter heard before a Magistrate Judge for purposes of trial.

    **(c)** **Lead Trial Counsel.** Craig Sanders, Esq. (for Plaintiff) and Zachary A. Sarnoff, Esq. (for Defendant).

**12. Independent Expert or Master:**

The parties do not believe an independent expert or master should be appointed in this case.

**13. Schedule Worksheet:**

The parties carefully considered the needs of this case and negotiated in good faith regarding the case schedule. As a result, the parties were able to agree on all dates and deadlines, as referenced in the proposed Schedule Worksheet attached to this joint report.

The parties believe this proposed case schedule is workable and appropriate for this case. The parties respectfully request that the Court issue a scheduling order consistent with the parties' agreed-upon schedule.

**14. Other Issues:**

The parties anticipate stipulating to a proposed Protective Order governing discovery in this litigation.

This is the second of two copyright infringement lawsuits that Plaintiff filed recently against Trakt. In the first case, which Plaintiff filed in the Southern District of California, Trakt's motion for summary judgment is fully briefed and pending. *See Michael Grecco Productions, Inc. v. Trakt, Inc.*, Case No. 24-cv-1681-BJC-KSC (S.D. Cal.).

DATED: January 29, 2026

| **MILLER BARONDESS, LLP** | **SANDERS LAW GROUP** |
|---|---|
| By: */s/ Zachary A. Sarnoff*<br>Zachary A. Sarnoff (SBN 307762)<br>2121 Avenue of the Stars, 26th Floor<br>Los Angeles, CA 90068<br>Telephone: (310) 552-4400<br>Facsimile: (310) 552-8400<br>zsarnoff@millerbarondess.com<br><br>*Attorneys for Defendant* | By:   */s/ Frances Lange*<br>Frances Lange, Esq. (SBN 304892)<br>333 Earle Ovington Blvd, Suite 402<br>Uniondale, NY 11553<br>Tel: (516) 203-7600<br>Email: flange@sanderslaw.group<br><br>*Attorneys for Plaintiff* |

**DISTRICT JUDGE ANNE HWANG**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

Case No. 2:25-cv-08822-AH-SSC     Case Name: Michael Grecco Productions, Inc. v. Trakt, Inc.

| Trial and Final Pretrial Conference Dates | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
|---|---|---|---|
| Check one: [X] Jury Trial or [ ] Bench Trial [Tuesday at 8:30 a.m.] Estimated Duration: 3 Days | | 06/29/2027 | Agree |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine [Wednesday at least 20 days trial] | | 06/09/2027 | Agree |

| Event[1] Note: Hearings shall be on Wednesdays at 1:30 p.m.[2] Other dates can be any day of the week | Time Computation[3] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Wednesday] | 6 weeks after scheduling conference | 03/25/2026 | Agree |
| Fact Discovery Cutoff (no later than deadline for filing dispositive motion) | 18 weeks before FPTC | 12/23/2026 | Agree |
| Expert Disclosure (Initial) | 16 weeks before FPTC | 01/06/2027 | Agree |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | 01/20/2027 | Agree |
| Expert Discovery Cutoff | 13 weeks before FPTC[4] | 01/27/2027 | Agree |
| Last Date to Hear Motions [Wednesday] • Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Hwang's website | 12 weeks before FPTC | 03/17/2027 | Agree |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one: [X] 1. Magistrate Judge (with Court approval) [ ] 2. Court Mediation Panel [ ] 3. Private Mediation | 5 weeks before FPTC | 05/05/2027 | Agree |
| Trial Filings (first round) • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Joint Witness Lists • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations containing Direct Testimony, if ordered (bench trial only) • Requests for judicial notice | 4 weeks before FPTC | 05/12/2027 | Agree |
| Trial Filings (second round) • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) • Challenged Exhibits Table • Deposition designations as to which the parties have any dispute or objection | 2 weeks before FPTC | 05/26/2027 | Agree |
| Other Dates (e.g. class cert motion cutoff, early mediation, etc.) | | | |

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in person, unless a request is made by the parties and granted by the Court.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

10

Case No. 2:25-cv-08822-AH-SSC
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN